Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| VILLA DE LOMAS VERDES, LOMAS VERDES ASSOCIATES, L. P. ALBORS PROPERTY CORPORATION Y OTROS<br><br>Demandante-Peticionarios<br><br>v.<br><br>TRIPLE-S PROPIEDAD, INC.<br><br>Demandada-Recurrido | KLCE202400283 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil. Núm. SJ2019CV09140<br><br>Sobre: Seguros Incumplimiento, Aseguradoras Huracanes Irma/María, Daños, Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de abril de 2024.

Comparece ante nos Villas de Lomas Verdes Apartments, Lomas Verdes Associates, L.P., Albo, Attenure Holdings Trust 11 y HRH Property Holdings, LLC., (en conjunto, "los Peticionarios") mediante *Petición de Certiorari* presentada el 6 de marzo de 2024. Nos solicitan que revoquemos una *Orden de Costas* emitida el 30 de diciembre de 2023, notificada el 2 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*" o "TPI"). Por virtud de la misma, el foro primario denegó varias partidas de la solicitud de costas presentada por los Peticionarios. Asimismo, la parte Peticionaria nos solicita que revisemos una *Resolución* emitida y notificada el 2 de enero de 2024, en la que el foro primario denegó la concesión de intereses y honorarios de abogado instada por los Peticionarios. En desacuerdo con tales dictámenes, el 17 de enero de 2024, los Peticionarios presentaron *Moción de Reconsideración*, la cual fue declarada *No Ha*

*Lugar* mediante *Resolución* emitida el 3 de febrero de 2024, notificada el 5 del mismo mes y año.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

## I.

Los hechos que originan la presente controversia tienen su origen cuando el 6 de septiembre de 2019 los Peticionarios presentaron una *Demanda*[1] sobre sentencia declaratoria, daños por el incumplimiento de contrato de seguros, dolo y mala fe, contra Triple-S Propiedad ("Triple-S" o "Recurrido").[2] En síntesis, alegaron que, a causa del paso del Huracán María por Puerto Rico, su propiedad asegurada con Triple-S sufrió daños sustanciales, que ascendían a $8,978,190.85. Señalaron que Triple-S incumplió con los deberes de la póliza de seguros y violó los términos y disposiciones del *Código de Seguros de Puerto Rico*, Ley Núm.77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 *et seq.*, ("Código de Seguros"). En particular, indicaron que presentaron oportunamente su reclamación para el recobro de los daños, de conformidad con los términos de la póliza, y Triple-S se había negado a realizar el ajuste correspondiente. Arguyeron que Triple-S había incumplido con los términos del contrato y violado las disposiciones del Código de Seguros, *supra*, de manera voluntaria y maliciosa.

Por tales razones, los Peticionarios solicitaron los siguientes remedios: (1) que emitiera una sentencia declaratoria disponiendo que la póliza de seguros cubría todos los daños que le causó el Huracán María a la propiedad asegurada; (2) que condenara a Triple-S a cumplir con el pago correspondiente, según la póliza de

---

[1] Posteriormente, el 19 de septiembre de 2019, los Peticionarios presentaron *Demanda Enmendada*. Véase Apéndice *certiorari*, págs. 14-26.
[2] Apéndice *certiorari,* págs. 1-13.

seguro en cuestión; y, por último, (3) que le ordenara a Triple-S a pagar los daños causados por el incumplimiento de contrato, más los honorarios de abogado e intereses pre-sentencia.

Transcurridos varios trámites que no son necesarios pormenorizar, el 23 de febrero de 2024, notificada 27 del mismo mes y año, el foro primario emitió *Sentencia Sumaria Parcial*,[3] en la que condenó a Triple-S a pagar la cantidad de $111,339.11 como **pago adelantado** del ajuste de la reclamación. Razonó que Triple-S mediante una carta remitida a los Peticionarios ofreció dicha cantidad para el ajuste de la reclamación, lo cual constituyó una oferta. Siendo así, determinó que no existía controversia de que, al menos, dicha cantidad se adeudaba a los Peticionarios. A su vez, aclaró que dicho pago no constituía un pago en finiquito.

En desacuerdo con esta determinación, el 14 de marzo de 2023, Triple-S presentó una *Moción de Reconsideración,* a la que se opuso la parte Peticionaria.[4] Habiendo evaluado los argumentos de ambas partes, el 6 de abril de 2023, notificada el 10 del mismo mes y año, el foro primario emitió *Resolución* en la que declaró *No Ha Lugar* la solicitud de reconsideración.[5]

Inconformes aún, el 10 de mayo de 2023, Triple-S compareció ante esta Curia mediante recurso de apelación (KLAN202300411). Posteriormente, el 27 de junio de 2023, este foro intermedio dictó *Sentencia,* en la que confirmó el dictamen apelado.[6] Resolvimos que el ordenamiento vigente permite que en los casos en los que no exista controversia sobre uno o varios aspectos de la reclamación, se deberá hacer el pago correspondiente, independientemente de que exista controversia sobre otros aspectos de la reclamación.

---

[3] *Íd,* págs. 394-397.
[4] *Íd,* págs. 398-418.
[5] *Íd,* págs. 419-421.
[6] *Íd,* págs. 425-452.

Transcurridos varios trámites a nivel apelativo, el 5 de septiembre de 2023, Triple-S presentó una *Petición de Certiorari* ante el Tribunal Supremo (CC-2023-0581). Mediante *Resolución* emitida el 3 de noviembre de 2023, notificada el 8 del mismo mes y año, el Tribunal Supremo declaró *No Ha Lugar* la expedición del recurso.[7]

Luego de remitido el correspondiente mandato, el 18 de diciembre de 2023, los Peticionarios presentaron ante el foro primario un *Memorando de Costas*.[8] En dicho escrito, los Peticionarios solicitaron al amparo de la Regla 44.1 (c) de Procedimiento Civil, 32 LPRA Ap. V, R.44.1, que Triple-S le reembolsara los gastos incurridos en la tramitación de los casos a nivel apelativo. A esos fines, desglosaron las partidas correspondientes a los gastos incurridos en el proceso apelativo, entre ellas, los gastos de mensajería, sellos de radicación y de correo certificado con acuse de recibo.[9]

Asimismo, los Peticionarios presentaron un escrito intitulado *Moción en Solicitud de Imposición de Interés Legal Post Sentencia, Imposición de Intereses por Mora e Imposición de Honorarios de Abogado.*[10] Mediante esta, los Peticionarios alegaron que mediante sentencia final y firme se ordenó a Triple-S a sufragar la cantidad de $111,339.11 como adelanto de la reclamación entre las partes. Señalaron que, a la fecha de la presentación del escrito, la parte Recurrida no había emitido pago alguno. Arguyeron que la Regla 44.3 de Procedimiento Civil, *supra,* R.44.3, permite a la parte victoriosa a recobrar los intereses post sentencia, independientemente la sentencia dictada a su favor sea parcial o

---

[7] *Íd,* págs. 525-527.
[8] *Íd,* págs. 528-530.
[9] Los Peticionarios desglosaron los gastos de la siguiente manera:
  a. Mensajería $187.00
  b. Sellos de radicación $40.00
  c. Gastos de correo certificado $34.60
    Con acuses de recibo
    Total $261.60
*Íd,* pág. 530.
[10] *Íd,* págs. 531-545.

sobre la totalidad del pleito. En vista de que la *Sentencia Parcial* emitida el 23 de febrero de 2023 le impuso a Triple-S el pago de una suma determinada, arguyeron que procedía el pago de dichos intereses.

Añadieron que, como cuestión de derecho, se debía imponer a los Peticionarios el pago de los intereses por mora, al amparo de los Artículos1053 y 1061 del derogado Código Civil de 1930, 31 LPRA ant. secs. 3017 y 3025. En vista de que Triple-S no había efectuado el pago ordenado mediante sentencia final y firme, sostuvieron que procedía el pago de intereses por mora, a ser calculados desde la fecha de la presentación de la demanda (16 de septiembre de 2019).[11] A su vez, indicaron que se tenían que imponer el pago de honorarios de abogado al amparo del Artículo 27.165 del Código de Seguros, 26 LPRA sec. 2716e, y los honorarios por temeridad en virtud de la Regla 44.1 (d) de Procedimiento Civil, *supra.*

Por lo anterior, solicitaron los siguientes remedios: 1) que se impusiera a Triple-S los intereses post sentencia, que a dicha fecha ascendían a $7,372.52; 2) que se ordenara el pago de intereses por mora por una cantidad de $24,887.38; 3) que se ordenara el pago de honorarios de abogado en virtud del Art. 27.165 del Código de Seguros, *supra;* y 4) se impusiera el pago de honorarios de abogado por temeridad al amparo de la Regla 44.1 (d) de Procedimiento Civil, *supra.*

En respuesta, el 29 de diciembre de 2023, Triple-S presentó *Moción en Oposición a "Memorando de Costas" (SUMAC Núm. 209).[12]* Por virtud de este escrito, la aseguradora Recurrida alegó que no procedían las costas solicitadas por los Peticionarios. Argumentó que el Tribunal Supremo ha resuelto que los gastos de mensajería y

---

[11] El escrito establece la fecha de 16 de septiembre de 2019. No obstante, del expediente surge que la fecha de la radicación de la demanda es el 6 de septiembre de 2019. Por tanto, entendemos que la fecha incluida en el escrito constituye un error de ortografía.
[12] *Íd,* págs. 550-556.

correo certificado son gastos de oficina, no recobrables como costas. Añadió que los Peticionarios tampoco proveyeron documentación complementaria para probar la veracidad de las cantidades reclamadas.

En adición, Triple-S presentó un segundo escrito intitulado *Moción en Oposición a "Moción en Solicitud de Imposición de Interés Legal Post Sentencia, Imposición de Intereses por Mora e Imposición de Honorarios de Abogado" (SUMAC Núm. 201).*[13] En síntesis, sostuvo que las solicitudes de los Peticionarios no proceden en derecho. En primer lugar, señaló que no proceden los intereses legales post sentencia, puesto que la *Sentencia* mediante la cual se ordenó el pago parcial o adelanto del ajuste de la reclamación no decide de manera definitiva la controversia. Indicó que el reclamo aún tiene una parte líquida, por lo que no puede considerarse como una sentencia según dispone la Regla 44.3 (a) de Procedimiento Civil, *supra.* Segundo, expuso que al momento de la presentación de la demanda no existía una cifra específica de la deuda en virtud del contrato de seguros. A su vez, expresó que el foro primario emitió una determinación preliminar e interlocutoria sobre el adelanto de la deuda. Por lo cual, no proceden los intereses por mora, al no cumplirse con los requisitos esenciales para su concesión, como lo es la liquidez de la deuda y el momento en que esta venció.

En tercer lugar, arguyó que la imposición de honorarios de abogado al amparo del Art. 27.165 del Código de Seguros, *supra,* requiere que se determine que la aseguradora obró con mala fe y temeridad en la tramitación de la reclamación, lo cual no había ocurrido. Finalmente, esgrimió que los Peticionarios no demostraron que había sido temerario en la tramitación del pleito. Añadió que haber acudido a los foros apelativos correspondientes para litigar

---

[13] *Íd,* págs. 555-567.

las controversias novedosas de este caso, no son razón para solicitar honorarios de abogado al amparo de la Regla 44.1 de Procedimiento Civil, *supra.*

Evaluadas las posturas de las partes, el 30 de diciembre de 2023, notificada el 2 de enero de 2024, el foro *a quo* emitió *Orden de Costas.* Resolvió que, en el ejercicio de su discreción para evaluar la razonabilidad de los gastos reclamados en la solicitud costas presentada por la parte Peticionaria, procedía solamente el reembolso de $40.00 correspondientes a los aranceles de radicación.

A su vez, el 2 de enero de 2024, el foro primario emitió y notificó *Resolución,* en la que denegó la solicitud de intereses y honorarios de abogado radicada por los Peticionarios. Fundamentó que no se había emitido una sentencia final y que no existía una determinación de temeridad bajo el Código de Seguros, *supra,* ni de dicho foro o del Tribunal de Apelaciones. Por tanto, determinó que en esta etapa de los procesos, la solicitud de los Peticionarios era improcedente en derecho.

En desacuerdo con tales determinaciones, el 17 de enero de 2024, los Peticionarios presentaron *Moción de Reconsideración.*[14] Mediante *Resolución* emitida el 3 de febrero de 2024, notificada el 5 del mismo mes y año, el foro *a quo* declaró *No Ha Lugar* la solicitud de los Peticionarios.[15]

Aún inconformes, el 6 de marzo de 2024, los Peticionarios presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> Erró el TPI al denegar el pago de los intereses legales post sentencia a pesar de que estos son mandatorios, al amparo de la Regla 44.3 (a) de Procedimiento Civil, cuando se dicta una sentencia que ordena el pago de dinero.

> Erró el TPI al no conceder las costas solicitadas al amparo de la Regla 44.1 (c) de Procedimiento Civil sobre los gastos incurridos en el trámite apelativo.

---

[14] *Íd,* págs. 572-622.
[15] *Íd,* pág. 641.

Erró el TPI al denegar el pago de los intereses por mora a tenor con lo dispuesto en el Artículo 1061 del Código Civil de 1930, pues se trata de una deuda líquida, exigible y vencida.

Erró el TPI al no imponer a Triple-S el pago por concepto de honorarios de abogados, a pesar de que existe un fallo final y firme a favor del asegurado, según requerido por el Art. 27.165 del Código de Seguros.

Erró el TPI al no imponer a Triple-S el pago por concepto de honorarios de abogados al amparo de la Regla 44.1 (d) de Procedimiento Civil, aun cuando se demostró que la conducta de Triple-S ha sido, a todas luces, temeraria.

El 8 de marzo de 2024, esta Curia emitió *Resolución* en la que le concedió término a la parte Recurrida un término de diez (10) días para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar la determinación impugnada. Oportunamente, el 25 de marzo de 2024, la parte Recurrida presentó *Oposición a Petición de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc.,* 212 DPR ___ (2023); 2023 TSPR 65 resuelto el 8 de mayo de 2023. Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter

dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

**III.**

Expuesto el marco jurídico, ponderados los argumentos presentados por las partes y evaluados los autos originales, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA.  LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones